IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**SHERLYN B. BARRON**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO.: 2:25-cv-3017**
**JURY TRIAL DEMANDED**

**ACADIA HEALTHCARE COMPANY, INC.**
**and DMC - MEMPHIS, LLC**
**d/b/a DELTA SPECIALTY HOSPITAL**  **DEFENDANTS**

## COMPLAINT

Plaintiff, Sherlyn B. Barron, by and through her undersigned attorneys, Johnson & Bennett, PLLC, brings this Complaint for violations arising under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 *et seq.*; the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*; 42 U.S.C. § 1981; and the Equal Pay Act (EPA) of 1963, 29 U.S.C. § 206 *et seq.*, and states as follows:

## PARTIES

1.  Plaintiff, Sherlyn B. Barron, is a black female adult citizen residing in Memphis, Shelby County, Tennessee.

2.  Defendant, Acadia Healthcare Company, Inc. (Acadia), is a Delaware Corporation, doing business in the State of Tennessee, and is an employer within the meaning of Title VII of

the Civil Rights Act of 1964, as amended, and § 1981 with its principal place of business is 6100 Tower Cir, Ste 1000, Franklin, TN 37067-1509.

3. Defendant Acadia may be served with process through its registered agent, C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546.

4. Defendant, DMC - MEMPHIS, LLC d/b/a Delta Specialty Hospital (Delta), is a Tennessee Corporation, doing business in the State of Tennessee, and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and § 1981 with its principal place of business is 6100 Tower Cir, Ste 1000, Franklin, TN 37067-1509.

5. Defendant Delta may be served with process through its registered agent, C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

6. This Court has Federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343.

7. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988.

8. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5 because the events or omissions giving rise to Plaintiff's claims occurred in Shelby County, Tennessee, which is in the United States District Court for the Western District of Tennessee, Western Division.

9. On March 28, 2025, Plaintiff timely filed a subsequent Charge of Discrimination (490-2025-01948) with the EEOC against Defendant Delta for race discrimination and retaliation, age discrimination and retaliation, and FMLA retaliation and retaliation for undertaking protected activity, including filing of the Charge of Discrimination in April 2024, Exhibit A.

10. On April 2, 2025, Plaintiff timely filed a Charge of Discrimination (490-2025-02003) against Defendant Acadia Healthcare for race discrimination and retaliation, age discrimination and retaliation, FMLA retaliation, and retaliation for undertaking protected activity, including the filing of the Charge of Discrimination in April 2024, Exhibit B.

11. On August 13, 2025, the EEOC issued Plaintiff a Notice of Right to Sue for Defendant Delta's charge, Exhibit C.

12. On August 13, 2025, the EEOC issued Plaintiff a Notice of Right to Sue for Defendant Acadia's charge, Exhibit D.

13. Plaintiff timely files this action.

## FACTS

14. Plaintiff, Sherlyn B. Barron, is a black female.

15. Ms. Barron was born in 1962 and was 61 when she filed her initial EEOC Charge of Discrimination in April 2024.

16. On May 20, 2014, Defendants hired Ms. Barron as an Admissions Counselor.

17. On September 26, 2023, Defendants promoted Ms. Barron to the position of Director of Business Development.

18. On December 14, 2023, Ms. Barron made a complaint to her supervisor, Stephanie Reese, CEO that her subordinate's current yearly salary was higher than hers.

19. Beginning in January 2024, after Ms. Barron engaged in protected activity, Defendant assigned Plaintiff seemingly unattainable goals.

20. On February 1, 2024, Ms. Barron sought assistance from Human Resources (HR) to find the status of her pay correction.

21. HR did not respond to my inquiry about a pay correction.

22. On April 25, 2024, Plaintiff timely filed a Charge of Discrimination (490-2024-01312) against Defendant Delta for discrimination and retaliation based on age and race with the United States Equal Employment Opportunity Commission.

23. On May 13, 2024, Plaintiff amended her Charge of Discrimination to include allegations of sex discrimination, unequal pay, and retaliation.

24. On December 17, 2024, Plaintiff's initial EEOC charge was resolved through EEOC mediation.

25. From October 8, 2024, to January 5, 2025, Ms. Barron took leave under the FMLA.

26. Defendants retaliated against Plaintiff for taking FMLA leave

27. During Ms. Barron's FMLA leave, Delta CEO Stephanie Reese, who is white, continued to assigned tasks to Ms. Barron.

28. While Plaintiff was out on medical leave, Defendants hired Demetria Mahan, age 48, as an Account Manager.

29. The Account Manager position did not exist prior to Account Manager Mahan's hiring.

30. Account Manager Mahan informed Ms. Barron that Defendants' purpose in hiring Mahan was to get fresh blood.

31. Account Manager Mahan is fourteen years younger than Ms. Barron.

32. On January 6, 2025, Ms. Barron returned to work following the expiration of her FMLA leave.

33. Upon her return on January 6, 2025, Defendants placed Ms. Barron on a Performance Improvement Plan (PIP).

34. Prior to filing the EEOC Charge of Discrimination and taking leave under FMLA, Ms. Barron had never been reprimanded for job performance.

35. CEO Reese began making Ms. Barron complete weekly reports, which had never been previously required.

36. CEO Reese demoted Ms. Barron by removing her from the Leadership Team despite Ms. Barron's position as the Director of Business Development.

37. The Leadership Team was comprised of each department's director.

38. CEO Reese did not remove any other department director from the Leadership Team.

39. Defendants tasked Ms. Barron with training Account Manager Mahan on Ms. Barron's job responsibilities.

40. On January 8, 2025, Regional Director Michael Russell made an age-related comment toward Ms. Barron, stating, "Come on, Sherlyn, if you are going to go out, go out with some fire."

41. On January 9, 2025, Director Russell told Ms. Barron that CEO Reese wanted Ms. Barron "gone."

42. On January 10, 2025, Ms. Barron received an email titled "Assignments and Deadlines," indicating that an assignment was due on January 9.

43. Ms. Barron had no knowledge of the assignment until the January 10, 2025 email.

44. On January 16, 2025, Defendants met with Ms. Barron about the PIP.

45. On January 21, 2025, Ms. Barron engaged in protected activity by writing a letter to Human Resources to complain of discrimination and retaliation based on her prior EEOC charge.

46. On January 24, 2025, Ms. Barron engaged in protected activity by meeting with Division HR Manager Lorenzo Rivera to complain of discrimination and retaliation based on her prior charge of discrimination that resolved in December 2024.

47. HR Manager Rivera promised Ms. Barron there would be an investigation.

48. Ms. Barron did not hear back from Rivera until February 3, 2025, just two days before her termination.

49. Following Ms. Barron's return to work, her team performed exceptionally well.

50. On February 1, 2, and 3, 2025, Ms. Barron's team broke the company record for lead inquiries, completing 30, 32, and 31 inquires, respectively.

51. Despite Ms. Barron's work achievements, CEO Reese habitually complained about and harassed Ms. Barron regarding performance.

52. CEO Reese berated Ms. Barron when one of Ms. Barron's team members completed 39 inquiries instead of 40 for the week, even though the team member exceeded his adjusted quota due to an approved work absence.

53. On February 3, 2025, Director Russell again told Ms. Barron that CEO Reese wanted to terminate Ms. Barron.

54. On February 5, 2025, Defendants terminated Ms. Barron.

55. Shortly, after terminating Ms. Barron, age 62, Defendants promoted Account Manager Mahan, age 48, to the position of Director of Business Development.

56. The reason Defendants placed Ms. Barron immediately on a PIP was due to her race, age, sex, FMLA leave, and prior complaints of discrimination and unequal pay.

57. The reason Defendants terminated Ms. Barron was due to her race, age, sex, FMLA leave, and prior complaints of discrimination and unequal pay.

58. Delta had notice of Ms. Barron's complaints of discrimination and unequal pay.

59. Acadia had notice of Ms. Barron's complaints of discrimination and unequal pay.

60. Delta violated Ms. Barron's rights under Title VII, § 1981, the ADEA, the FMLA, and the EPA.

61. Acadia violated Ms. Barron's rights under Title VII, § 1981, the ADEA, the FMLA, and the EPA.

62. Delta's violations of Plaintiff's statutory rights under Title VII, § 1981, the ADEA, the FMLA and the EPA were intentional, willful, and in direct disregard for Plaintiff's right to be free from such unlawful discriminatory activity.

63. Acadia's violations of Plaintiff's statutory rights under Title VII, § 1981, the ADEA, the FMLA, and the EPA were intentional, willful, and in direct disregard for Plaintiff's right to be free from such unlawful discriminatory activity.

64. Delta's violations of Plaintiff's statutory rights under Title VII, § 1981, the ADEA, the FMLA, and the EPA were intentional, willful, and in direct disregard for Plaintiff's right to be free from retaliation for protected activity.

65. Acadia's violations of Plaintiff's statutory rights under Title VII, § 1981, the ADEA, the FMLA, and the EPA were intentional, willful, and in direct disregard for Plaintiff's right to be free from retaliation for protected activity.

66. Plaintiff suffered loss of pay, loss of opportunities, loss of benefits, and other tangible losses due to Defendants' discrimination and retaliation.

67. Plaintiff suffered mental anxiety and stress, inconvenience, loss of enjoyment of life, loss of income and loss of valuable benefits because of the Defendants' actions.

68. Defendants' violation of Plaintiff's federally protected right was committed with malice or reckless indifference to Plaintiff's federally protected rights; thus, Defendants are liable for punitive and/or liquidated damages.

## CAUSES OF ACTION

### Count I – Race Discrimination and Retaliation in Violation of Title VII
### (Against Both Defendants)

67. Ms. Barron is a member of a protected class based on her race (black) and engaged in protected activity by filing EEOC charges and internal discrimination complaints.

68. Defendants subjected Ms. Barron to adverse actions, including placement on a PIP, demotion from the Leadership Team, intensified scrutiny, and subsequent termination.

69. The adverse actions occurred under circumstances giving rise to an inference of race discrimination and were taken in retaliation for Plaintiff's protected activity.

### Count II – Race Discrimination and Retaliation in Violation of 42 U.S.C. § 1981
### (Against Both Defendants)

70. Defendants interfered with Ms. Barron's right to make and enforce contracts based on race (black) and retaliated against her for opposing race discrimination.

### Count III – Age Discrimination and Retaliation in Violation of the ADEA
### (Against Both Defendants)

71. Ms. Barron is over 40 years of age and qualified for her position.

72. Defendants took adverse actions against Ms. Barron, including placement on a PIP and termination, and favored a significantly younger employee by creating the Account Manager role and later promoting her to Ms. Barron's position after Defendants terminated

Plaintiff.

73. Defendants' actions were motivated by her age and by retaliation for Ms. Barron's protected activities.

## Count IV – Interference and Retaliation in Violation of the FMLA
### (Against Both Defendants)

74. Ms. Barron engaged in protected activity by taking FMLA leave from October 8, 2024, to January 5, 2025.

75. Defendants interfered with Ms. Barron's FMLA rights and retaliated against Plaintiff by assigning work during leave, placing her on a PIP immediately upon return, escalating scrutiny, and terminating Plaintiff.

## Count V – Retaliation in Violation of the Equal Pay Act (29 U.S.C. § 206 *et seq.*)
### (Against Both Defendants)

76. On May 13, 2024, Ms. Barron engaged in protected activity by amending her April 25, 2024, charge of discrimination to include claims of unequal pay based on sex.

77. Plaintiff engaged in protected activity under the Equal Pay Act by undertaking protected activity referenced in her EEOC charges and internal complaints, and Defendants retaliated against her for engaging in protected activity, including but not limited to placement on a PIP, heightened scrutiny, removal from the Leadership Team, and termination.

## PRAYER FOR RELIEF

69. Ms. Barron sustained substantial monetary and non-monetary damages as a result of Defendants' illegal conduct, and Ms. Barron demands such legal and equitable relief as will effectuate the purposes of Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; 42 U.S.C. § 1981; and the Equal Pay Act (EPA) of 1963, 29 U.S.C. § 206 *et seq.*, including but not limited to, the following:

    a. Accrual of back pay, fringe benefits, and other emoluments of employment;

    b. Compensatory damages;

    c. Punitive damages;

    d. Liquidated damages;

    e. Damages for loss of enjoyment of life;

    f. Damages for lost opportunities;

    g. Costs and attorney fees;

    h. Appropriate affirmative action;

    i. Instatement to the Director of Business Development position or other equitable relief;

    j. Pre- and post- judgment interest due on the amount awarded; and

    k. Any other relief that this Court deems just and equitable.

70.    Plaintiff prays that a jury be empaneled to decide all issues so triable. this matter and determine damages and that Plaintiff be awarded reasonable attorney fees and costs.

THIS the 6th day of November 2025.

                                                              Respectfully submitted,

                                                              SHERLYN B. BARRON

                                                              s/Tressa V. Johnson
                                                              TRESSA V. JOHNSON BPR# 26401
                                                             KRISTY BENNETT BPR# 30016
                                                             Attorneys for Plaintiff
                                                             Johnson & Bennett, PLLC
                                                             1407 Union Ave., Ste. 807
                                                             Memphis, TN 38104
                                                             (901) 402-6601
                                                             (901) 462.8629 fax
                                                             Tressa@myjbfirm.com
                                                             kristy@myjbfirm.com