# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

**Tennessee Human Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sherlyn B. Barron | (901) 304-6958 | 1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 302 Clarendon Road | Memphis, TN 38118 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Acadia Healthcare | 500+ | (901) 672-6238 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3000 Getwell Road | Memphis, TN 38118 |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ FMLA Retaliation

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 1/6/25    Latest: 2/5/25

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

On April 25, 2024, I filed Charge of Discrimination No. 490-2024-01312 with the EEOC alleging that Respondent illegally discriminated against me based on my race (black) and age (61 years old). On May 13, 2024, I amended my Charge of Discrimination to include allegations of sex discrimination and retaliation. On December 18, 2024, the matter was resolved.

Upon returning to work on January 6, 2025, Respondent began retaliating against me. The same day I returned to work, January 6, Respondent immediately placed me on a Performance Improvement Plan (PIP). I felt that this PIP was enacted, in part, in retaliation for my EEOC Charge and for taking FMLA. Respondent never explained why I was put on a PIP. Never before had I been reprimanded for job performance.

Within days of being placed on the PIP, on January 8, Michael Russel told me "Come on Sherlyn, if you are going to go out, go out with some fire." This statement served as a confirmation for me that I would soon be terminated. Russell echoed this sentiment in a later conversation. My suspicions that I would be terminated were confirmed by Respondent's subsequent actions.

First, Acadia CEO Stephanie ___ began making me complete weekly reports. These reports had never before been

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/28/2025
*Date*    *Charging Party Signature*
ID HhhByUcMGPESF7nYKub4i57b

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

**Exhibit B**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

required. Respondent continued to request that more and more information be added to each report to the point they became impossible to complete. Further, on January 10, 2025 I was sent an email entitled "Assignments and Deadlines", which indicated that each assignment was due a day before the deadline and the first assignment was due on the 10th of January. This meant, that the first assignment was due on the 9th of January, the day before I received the assignment.

Stephanie complained about tasks she assigned during meetings held while I was on FMLA. Although Stephanie was adamant that she and I attended these meetings, I debunked her accusations by showing her the email that confirmed my being out of office status. Further, upon my return to work, Stephanie demoted me by removing me from Respondent's Leadership Team, which is comprised of each department's director. Stephanie did not remove anyone else from the Leadership Team.

Additionally, on January 2, 2025, Respondent hired Demetria McMahon (48 years old) as an "Account Manager," a position which had not existed prior to her hiring. From my first day back, Respondent tasked me with training McMahon, who I was told was directly reported to me. Neither I nor McMahon was provided a description of exactly what her position entailed.

Oftentimes, Respondent provided McMahon with confusing and contradictory instructions as to her responsibilities, a fact that McMahon complained to management about. McMahon indicated to me that she was unsure of exactly what Respondent hired her to do, and that during her interview her impression was that Respondent desired "fresh blood." It took Respondent until January 22, 2025 to even provide McMahon with a job description.

Given this lack of a job description, coupled with the fact that I trained McMahon on more and more of my job responsibilities, it became clear to me that Respondent hired McMahon to replace me, and that I was actually training my replacement. It also became clear to me that I was being retaliated against and that Respondent wished to terminate me in favor of someone younger, McMahon being 14 years my junior. Upon my eventual termination, these suspicions were confirmed when McMahon did in fact assume my position as Director of Business Development.

Despite Stephanie's criticism, my team's performance was exceptional following my return to work. From January 6, my return-to-work date, to February 5, my termination date, I worked every single day. So did almost all of my team. February 1, 2, and 3, my team broke company lead records for inquiries, where we completed 30, 32, and 31 inquiries, respectively. Despite this, Stephanie continually found ways to complain and harass me and my team. For instance, we had a quota of 40 face to face leads per week. When one of my team members only completed 39 instead of 40 in a given week, Stephanie exploded. However, that team member was actually over his quota for that week – he had been off from work one day, thus lowering his quota.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 3/28/2025 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Date*     *Charging Party Signature*  ID HhhByUcMGPESF7nYKub4i57b | |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

**Tennessee Human Rights Commission** and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

    Given Respondent's actions, on January 21, 2025, I engaged in protected activity by writing a letter to HR complaining of discrimination and retaliation. On January 24, 2025, I again engaged in protected activity when I met with Corporate HR Representative Lorenzo ____ and voiced these same concerns. I was promised an investigation be completed within a week; I did not hear back from HR until February 3. Two days later, on February 5, 2025, despite my team's record-breaking numbers just two days prior, Respondent terminated by employment and promoted McMahon to my position as Director of Business Development.

    Respondent retaliated against me in violation of Title VII of the Civil Rights Act (race – black) and the Age Discrimination in Employment Act (ADEA) when Respondent terminated me following me (i) filing Charge of Discrimination No. 490-2024-01312 in 2024, and (ii) complaining to HR following my return to work in 2025. I believe Respondent violated the ADEA when it terminated me in order to promote a younger employee. Additionally, I believe Respondent engaged in retaliation under the Family Medical Leave Act (FMLA) following me exercising my FMLA rights.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/28/2025

**ID HhhByUcMGPESF7nYKub4i57b**

*Date*      *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

## eSignature Details

**Signer ID:**      **HhhByUcMGPESF7nYKub4i57b**
Signed by:          Sherlyn Barron
Sent to email:      s_barron26@aol.com
IP Address:         73.203.131.147
Signed at:          Mar 28 2025, 11:06 am CDT